ELSA SAALFELD, Landlord, Appellant, *v.* " JOHN " HACKENBERG, First Name of Tenant Being Fictitious and Unknown to Petitioner, Person Intended Being in Possession of the Premises Herein Described, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, June 24, 1924.

Summary proceedings to dispossess — proceeding to recover possession of apartment for landlord's own personal and immediate use — owner may recover possession pursuant to Civil Practice Act, § 1410, subd. 1-a, where it is sought in good faith and for immediate personal occupancy — landlord's ill-will toward tenant immaterial — landlord entitled to possession.

A landlord in summary proceedings for the possession of an apartment for her own personal and immediate use pursuant to Civil Practice Act, section 1410, subdivision 1-a, is entitled to possession of the premises where it appears that the only evidence tending to contradict the evidence of the landlord's good faith was her ill-will toward the tenant, which, if material at all, had so remote a bearing on the issue as to be virtually negligible.

APPEAL by a landlord from a final order of the Municipal Court of the city of New York, borough of Manhattan, sixth district, in favor of tenant after a trial by a judge without a jury.

*Samuel Ecker*, for the landlord, appellant.

*Mullen & Bloch* (*Maurice Bloch*, of counsel), for the respondent.

*Per Curiam.* This is a summary proceeding brought by the landlord to recover possession of an apartment on the second floor for her own personal and immediate use. The only testimony which can be said to contradict the strong evidence of the landlord's good faith in seeking to occupy these premises was to the effect that the proceeding was not begun until after there had been an argument between the landlord's agent and the tenant in regard to the knocking down of some plaster, and also that at one time there was an apartment on the first floor vacant.

The statute (Civ. Prac. Act, § 1410, 1a) authorizes the owner to recover possession where she seeks it in good faith for her immediate

and personal occupancy. Such good faith was clearly established in the present case. Her possible ill will toward the tenant, if material at all, had so remote a bearing on the issue as to be practically negligible.

Final order reversed, with thirty dollars costs, and final order directed awarding to the petitioner the delivery of the possession of the premises.

All concur; present, BIJUR, MULLAN and LEVY, JJ.

Order reversed.